**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE SALVATORE CARBONE, | : | Chapter 7 |
| Debtor. | : | Bky. No. 18-13403 ELF |
| | : | |
| JOHN ANTONUCCI, | : | |
| Plaintiff, | : | |
| v. | : | |
| SALVATORE CARBONE, | : | Adv. No. 19-221 |
| Defendant. | : | |

# M E M O R A N D U M

## I.  INTRODUCTION

In this adversary proceeding, John Antonucci ("the Plaintiff") seeks to revoke the discharge granted to Salvatore Carbone ("the Debtor").  The Plaintiff alleges that that the Debtor failed to report the existence of certain assets in his bankruptcy schedules and failed to deliver those assets to the chapter 7 trustee.  (Compl. ¶¶ 56-57) (Doc. # 1).  Based on these allegations, the Plaintiff asserts that revocation of the Debtor's discharge is warranted pursuant to 11 U.S.C. §727(d)(2).[1]

---

[1]  I discuss 11 U.S.C. §727(d)(2) in Part V., infra.

The Plaintiff also references 11 U.S.C. §727(d)(1) in the opening paragraphs of his Complaint. However, his prayer for relief references only 11 U.S.C. §727(d)(2).  Moreover, the Plaintiff specifies in his Answer to the Debtor's Motion to Dismiss that he does not seek a revocation of discharge under 11 U.S.C. §727(d)(1).  (Plaintiff's Response at 7) (Doc. # 7).

The Debtor filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("the Motion").

For the reasons explained below, the Motion will be granted, but I will grant the Plaintiff leave to amend the Complaint.

## II.  PROCEDURAL HISTORY

The Debtor filed a chapter 7 bankruptcy petition on May 22, 2018.  He received a discharge on November 8, 2018.

On November 8, 2019, exactly one year after the entry of the discharge order, the Plaintiff commenced this adversary proceeding.  On December 12, 2019, the Debtor filed the Motion, along with a supporting memorandum.  (Doc. #'s 3, 4). [2]

The Debtor argues that the Complaint fails to state a claim under §727(d)(2) because it does not allege that he acquired or became entitled to any property of the estate **post-petition** that he was required to disclose or deliver to the chapter 7 trustee.  Accordingly, the Debtor asserts that dismissal of the Complaint is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

The Plaintiff responded to the Motion to Dismiss on January 9, 2020, arguing generally that the conduct alleged in the Complaint falls within the scope of §727(d)(2). (Doc. # 7).

## III.  MOTION TO DISMISS STANDARD

The Debtor moves to dismiss the Complaint for failure to state a claim.  Fed. R. Civ. P. 12(b)(6) applies in adversary proceedings under Fed. R. Bankr. P. 7012.  I have previously discussed the legal standard for a motion to dismiss:

---

[2]   The Debtor filed a supplemental supporting memorandum on December 17, 2019.  (Doc. # 5).

2

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the factual allegations of a complaint, see Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and determines whether the plaintiff is entitled to offer evidence to support the claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A defendant is entitled to dismissal of a complaint only if the plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 547, 127 S.Ct. 1955. A claim is facially plausible where the facts set forth in the complaint allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In evaluating the plausibility of the plaintiff's claim, the court conducts a context-specific evaluation of the complaint, drawing from its judicial experience and common sense. See, e.g., Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009); In re Universal Marketing, Inc., 460 B.R. 828, 834 (Bankr. E.D. Pa. 2011) (citing authorities). In doing so, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Taliaferro v. Darby Township Zoning Board, 458 F.3d 181, 188 (3d Cir. 2006). But, the court is not bound to accept as true a legal conclusion couched as a factual allegation. Twombly, 550 U.S. at 555, 127 S.Ct. 1955; Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

The Third Circuit Court of Appeals has condensed these principles into a three (3) part test:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pled factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quotations and citations omitted).

In assessing a Rule 12(b)(6) motion, the court may "consider the allegations in the complaint, exhibits attached to the complaint and matters of public record ... [as well as] 'undisputedly authentic' documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. Unite Nat'l Ret. Fund v. Royal Sportswear, Inc., 2007 WL 2713051, at *4 (M.D. Pa. Sept. 14, 2007) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)); see also In re Angulo, 2010 WL 1727999, at *12 n.1 (Bankr. E.D. Pa. Apr. 23, 2010).

In re Boltz-Rubinstein, 574 B.R. 542, 547-48 (Bankr. E.D. Pa. 2017).

## IV.  FACTS

The Plaintiff alleges that the Debtor fraudulently failed to disclose the true nature and value of his personal assets and financial condition when he filed his schedules and statement of financial affairs.  Examples of this deficiency include: failing to disclose the value of his interest in Carbone Realty, Inc. (Compl. ¶22); falsely claiming that Carbone Brothers LLP was no longer in existence (¶¶24-25); failing to disclose income from two houses that Carbone Brothers completed sometime after 2014 (¶¶31-33, 37); and failing to disclose income from a snow plowing business that the Carbone Brothers operated (¶¶47-48).

The Plaintiff also alleges that the Debtor operates and controls an entity known as "Builder Pros Contracting," from which he earns $76,000.00 annually, (¶51), and that Builder Pros Contracting is a mere continuation of Carbone Brothers LLP that was established to avoid liabilities attributable to that entity.  (¶52).

The Complaint's prayer for relief summarizes the above allegations by stating that the Debtor fraudulently failed to deliver or report his entitlement to various pre-petition assets to the chapter 7 trustee.  (¶¶56-57).  But for this fraud, the Plaintiff asserts, the Debtor would not have received his discharge.  (¶¶61-63).

## V.  DISCUSSION

In the Motion to Dismiss and supporting memoranda, the Debtor generally disputes the Complaint's factual assertions and argues that, as a matter of law, the facts, even if true, fail to state a claim under 11 U.S.C. §727(d)(2).

Based on the plain language of §727(d)(2), case law interpreting this subsection, and pertinent statutory history, I agree with the Debtor that §727(d)(2) only applies to property of the estate that a debtor acquires or becomes entitled to acquire <u>post-petition</u>.  Because the Complaint fails to allege any relevant post-petition misdeeds, the pleading fails as a matter of law and will, consequently, be dismissed.

### A.  11 U.S.C. §727(d)(2)

Section 727(d) of the Bankruptcy Code permits creditors and trustees to seek the revocation of a debtor's discharge.  Section 727(d)(2) provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> [. . .]
> (2) the debtor ***acquired property*** that is property of the estate, ***or became entitled to acquire property*** that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;

11 U.S.C. §727(d)(2) (emphasis added).

### 1.  Plain Language

Read together with additional bankruptcy provisions, §727(d)(2) plainly refers to property of the estate that the debtor did not have an interest in at the time the petition was filed.

A debtor's "estate" is created at the time the petition is filed.  11 U.S.C. §541(a). Debtors filing under chapter 7 must disclose all their assets and surrender to the trustee all property of the estate.  <u>See</u> 11 U.S.C. §521(a)(1)(B)(i), (a)(4).   In broad terms, the estate consists of the debtor's present interests in property at the time of filing (§541(a)(1)-(2)); interests in property that are subsequently recovered, preserved, or transferred to the estate (§541(a)(3)-(4)); and

certain interests in property that are otherwise acquired by the debtor or the estate after the filing of the petition (§541(a)(5)-(7)).

Reading §727(b)(2) together with §541(a) strongly suggests that §727(d)(2) only applies to property of the estate that the debtor develops an interest in post-petition. The operative language in §727(d)(2)—"acquired" or "became entitled to acquire" — seems to refer only to property of the estate under §541(a)(5)-(7); that is, property that accrues to the estate at a point in time after a debtor files a bankruptcy petition. Accord 6 Collier on Bankruptcy, ¶ 727.17[4] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) ("Collier") (noting that §727(d)(2) imposes a duty on debtors to report any post-petition acquisitions of property to the trustee that may belong to the estate under §541(a)(5)-(7)).

If §727(d)(2) applied to prepetition assets under §541(a)(1)-(2), one would expect §727(d)(2) to refer to such interests in the present tense (property the debtor "has") or to cross-reference §541(a)(1)-(2). It would make little sense for a Code provision to refer to prepetition assets that already are part of the estate upon the commencement of the case as being "acquired" by the debtor or to speak of the debtor as "becoming entitled to acquire" such property.

### 2. Case Law

Not surprisingly, courts directly addressing this issue have almost uniformly concluded that §727(d)(2) only applies to property of the estate acquired post-petition. See e.g., In re DaMaia, 217 F.3d 838, 2000 WL 977395, at *2 (4th Cir. July 17, 2000) (unpublished decision) ("A careful reading of [§727(d)(2)] reveals that it applies only to property acquired by a debtor after his petition has been filed."); In re Anthony, 515 B.R. 831, 840 (Bkrtcy. D. Utah 2014) (citing DaMaia, 217 F.3d 838), aff'd 542 B.R. 580 (D. Utah 2015); In re Shepard, 2011 WL

1045081, at *11 (Bankr. D. Md. Mar. 16, 2011) ("Obviously, property acquired prepetition would not be property of the estate when acquired and therefore is not included within the reach of [§727(d)(2)]."); In re Puente, 49 B.R. 966, 968-69 (Bankr. W.D.N.Y. 1985).

My research revealed only one case in which a court applied §727(d)(2) (perhaps inadvertently) to property acquired by the debtor prepetition. See Matter of Yonikus, 974 F.2d 901, 905-06 (7th Cir. 1992) (affirming the revocation of the debtor's discharge under §727(d)(2) where he knowingly and fraudulently failed to report the existence of a prepetition personal injury claim). However, it appears that the parties did not raise—and therefore the Yonikus court did not address—the precise question of whether §727(d)(2) should apply to property of the estate acquired prepetition.

Thus, I find that case law supports the conclusion that §727(d)(2) applies only to estate property that a debtor acquires after the petition has been filed.

### 3. Consistency with Prior Law - the former Bankruptcy Act

An examination of the historical antecedents of §727(d)(2) in the Bankruptcy Act ('the Act") reinforces this construction of the current Code provision. See generally Pennsylvania Dep't of Pub. Welfare v. Davenport, 110 S. Ct. 2126, 2133 (1990) ("We will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure").

Section 15 of the Act provided that a debtor's discharge could be revoked if it was "obtained through the fraud of the [debtor]." Pub. L. No. 55-541, §15, 30 Stat. 544 (1898); Collier, ¶727.LH[5];. The Act contained no additional ground for revocation of a debtor's discharge.

In 1970, Congress amended §15 of the Act and added two (2) additional grounds for revocation of discharge, including subsection (2), which stated:

> (2) that the [debtor], before or after discharge, *received or became entitled to receive property* of any kind which is or which became a part of the bankrupt estate and that he knowingly and fraudulently failed to report or to deliver such property to the trustee . . . .

Pub. L. 91-467, §4, 84 Stat. 991 (1970) (emphasis added).[3]

The legislative record contains little commentary about this specific amendment, but the testimony of one of the amendment's proponents is illuminating. At a hearing before the House Judiciary Committee on October 1, 1969, Vern Countryman — a professor of law at Harvard Law School and the Vice Chairman of the National Bankruptcy Conference — explained the purpose of the proposed addition of subsection (2) to Section 15.

> This amendment would fill a gap in the Act. Under §14c(4) a discharge may be denied to a [debtor] who has, within one year preceding bankruptcy, concealed property from his creditors. **But §14c—stating the grounds for denial of discharge—takes no account of 1938 amendments to §70a(5) under which the bankruptcy trustee becomes entitled to (1) future interests in property which were nonassignable by the [debtor] prior to bankruptcy by which became assignable within six months thereafter, (2) all property which vests in the [debtor] within six months after bankruptcy by bequest, devise or inheritance, and (3) all property in which the [debtor] has an interest by the entirety and which within six months of bankruptcy becomes transferable solely by the [debtor].** Since the events which entitle the trustee to this property may occur before or after the discharge is granted, the simplest way to fill this gap seems to be to provide for revocation of the discharge where the [debtor] conceals such property.

*To Amend the Bankruptcy Act: Hearing on H.R. 6665 and H.R. 12250 Before the H. Comm. on the Judiciary*, 92nd Cong. 71 (1969) (Statement of Vern Countryman) (emphasis added).

---

[3] The first ground for revocation of a debtor's discharge essentially mirrored the original Section 15 ground, i.e., that the discharge was obtained through the fraud of the debtor. The third ground was a precursor to the current §727(d)(3), respecting a debtor's failure to obey any lawful order of the court or failure to answer any material question approved by the court. Accord Collier, ¶727.LH[5].

8

The comments of Professor Countryman demonstrate that subsection (2) was only intended to apply to property that a debtor received post-petition but that is considered property of the estate.

The current version of the Bankruptcy Code differs only stylistically from the 1970 amendments to subsection (2) in Section 15. Instead of subsection (2)'s use of the verbs "received" and "became entitle to receive," the drafters of §727(d)(2) opted for "acquired" and "became entitled to acquire." The remaining differences are immaterial, and do not alter Congress's intended scope of subsection (2)'s application. In other words, §727(d)(2) of the Code expresses the original intent of the drafters of subsection (2) to Section 15 of the Act, which was to apply only to property that a debtor acquired post-petition.

This history lends support to the conclusion that §727(d)(2) only permits revocation of a debtor's discharge in connection to the debtor's acquisition of (or receipt of entitlement to) post-petition property that would be property of the estate. In other words, §727(d)(2) does not provide grounds for revocation of a debtor's discharge where the only allegations of failure to report assets relate to property of the estate that the debtor had an interest in as of the commencement of the case.[4]

---

[4] The limited scope of §727(d)(2) poses no risk that other fraudulent non-disclosures in the bankruptcy schedules will escape discharge revocation. Section 727(d)(1), although drafted in general terms, addresses the fraudulent nondisclosure of assets that were property of the estate on as of the commencement of the case. "The intentional omission of assets from the debtor's schedules has been found to qualify as grounds for revocation of a discharge under § 727(d)(1)." In re Meabon, 508 B.R. 626, 632 (Bankr. W.D.N.C. 2014), aff'd 514 B.R. 446 (W.D.N.C. 2014) (citing In re Stedham, 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005)).

**B. Whether Plaintiff's Complaint States a Claim upon which Relief Can Be Granted**

Having resolved the threshold legal issue of the applicability of §727(d)(2) to assets that a debtor possesses pre-petition, I now turn to the issue of whether Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Because the Complaint purports to state a §727(d)(2) cause of action based exclusively on the acquisition of <u>pre-petition</u> assets, it fails to state a viable cause of action.

As discussed, the Complaint alleges a number of fraudulent actions by the Debtor in connection with his chapter 7 bankruptcy case. The Plaintiff asserts that the Debtor's schedules and statement of financial affairs failed to disclose the true nature and value of his personal assets, including income from both Carbone Brothers LLP and Builder Pros Contracting (which the Plaintiff alleges is the re-creation of Carbone Brothers). The Complaint summarizes these actions by stating that the Debtor fraudulently failed to deliver or report his entitlement to various "pre-petition assets" to the chapter 7 trustee. (¶¶56-57).

The Complaint's singular focus on the Debtor's handling and reporting of pre-petition assets is its undoing. Nowhere does the Complaint describe the Debtor's failure to report or disclose his acquisition of or entitlement to *any* post-petition assets. Even accepting as true all the Complaint's allegations and making all reasonable inferences in the light most favorable to the Plaintiff, I conclude that the Complaint fails to assert the Debtor acquired any post-petition property of the estate that he failed to disclose to the chapter 7 trustee.[5]

Accordingly, the Motion to Dismiss will be granted.

---

[5] The Complaint alleges that the Debtor runs Builder Pro Contracting, for which his earnings are paid to his wife to avoid his creditors. (¶¶51-53). Accepting this allegation as true, such post-petition earnings of the Debtor for services performed are not included in the property of the estate. <u>See</u> 11 U.S.C. §541(a)(6).

### C. The Complaint Will Be Dismissed with Leave to Amend

Although the Complaint will be dismissed, I will allow the Plaintiff leave to amend.

It is well settled that a court should grant a plaintiff leave to amend "unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Although one would have expected the Complaint to state any facts known to the Plaintiff regarding the Debtor's failure to report his post-petition acquisition of or entitlement to property of the estate, it is nevertheless possible that the Plaintiff can supplement the Complaint with allegations necessary to state a claim under §727(d)(2), thereby resuscitating his claim for revocation of the Debtor's discharge. Given that possibility, I will err on the side of caution and grant leave to amend.

Further, the facts alleged in the Complaint were likely sufficient to put the Debtor on notice of a potential revocation of discharge claim under §727(d)(1), a Code provision that was at least mentioned in the Complaint, thereby potentially triggering the "relation back" provision of Fed. R. Civ. P. 15(c)(1)(B) (incorporated by Fed. R. Bankr. P. 7015). See, e.g., Glover v. F.D.I.C., 698 F.3d 139, 145–46 (3d Cir. 2012); Feldman v. Am. Asset Fin., LLC, 534 B.R. 627, 637 (E.D. Pa. 2015).[6]

---

[6] I note that a complaint under §727(d)(1) must be filed "within one year after [the] discharge is granted. The Complaint here, filed on the anniversary date of the entry of discharge, is (just) timely. See Monkelis v. Mobay Chem., 827 F.2d 937, 938 (3d Cir. 1987); Brewer v. Johnson, 2016 WL 7235652, at *2 n.1 (D. Del. Dec. 12, 2016); Krajci v. Provident Consumer Disc. Co., 525 F. Supp. 145, 150 (E.D. Pa. 1981), aff'd, 688 F.2d 822 (3d Cir. 1982). So, it does not appear that permitting an amendment of this nature would be futile.

11

## VI.  CONCLUSION

For the reasons stated, the Motion will be granted.  Because the Plaintiff has not adequately pled a cause of action under §727(d)(2), the Complaint will be dismissed.  However, I will grant the Plaintiff leave to amend.

**Date:  March 26, 2020**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**